UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASSANDRA SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00267-JPH-DLP ) |
| BARTHOLOMEW CONSOLIDATED SCHOOL CORPORATION, MOUNT HEALTHY SCHOOL, TERESA HEINY, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

**I.  Granting *in forma pauperis* status**

Plaintiff Cassandra Smith's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**.  *See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Ms. Smith to proceed without prepaying the filing fee, she remains liable for the full fees.  *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").  No payment is due at this time.

**II.  Screening**

**A. Screening standard**

The Court has the inherent authority to screen Ms. Smith's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners

1

alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The complaint**

Ms. Smith alleges that in October 2019, she worked for the Bartholomew Consolidated School Corporation at Mount Healthy School. Dkt. 1 at 2. At the same time, one of her children's father, who was African-American, was living with her. *Id.* He was on house arrest and failed a drug screen because of drug use at his place of employment. *Id.* That led Teresa Heiny—another employee of the Bartholomew County School Corporation—to fire Ms. Smith for having drug activity at her residence. *Id.* However, Ms. Smith passed a drug test and never had drug activity at her residence. *Id.*

Ms. Smith is suing the Bartholomew Consolidated School Corporation, Mount Healthy School, and Teresa Heiny, raising five claims: (1) wrongful termination, (2) "class of one" discrimination, (3) racial discrimination, (4) violation of equal protection, and (5) intentional infliction of emotional distress. *Id.* at 3.

Ms. Smith's racial-discrimination claim arises under Title VII. *See Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013). To prevail on that claim, Ms. Smith must show—among other things—that she "is a member of a class protected by statute." *Id.* In her complaint, however, Ms. Smith alleges that she was discriminated against not because of her race, but because her child's father was African-American. Dkt. 1 at 2.

Similarly, to proceed with an equal protection claim based on a traditionally protected class, Ms. Smith must "show that [she] was a member of a protected class and that [she] was treated differently from a similarly situated member of an unprotected class. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Yet Ms. Smith's complaint does not allege that she was treated unequally based on her own membership in any protected class, and she has not specified any similarly situated members of an unprotected class.

Discrimination based on an interracial relationship may constitute race discrimination, *Ineichen v. Ameritech*, 410 F.3d 956, 962 (7th Cir. 2005), but Ms. Smith has pleaded no facts allowing the Court to infer that her child's father's race was the basis for her termination. Instead, she has alleged only that her child's father is African-American, that she was fired based on an

3

incorrect belief that his drug use was in her residence, and that she was discriminated against because of his race. Dkt. 1 at 2. That is not enough to state a plausible claim to relief that rises above the speculative level because it does not include enough details "to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see Ray v. Indiana*, 7 F.Supp.2d 832, 839 (S.D. Ind. 2014). Ms. Smith's equal protection and racial discrimination claims therefore must be dismissed for failure to state a claim upon which relief can be granted. *See id*; *Morgan*, 724 F.3d at 995.

A "class of one" discrimination claim is an equal protection claim that is not based on a traditionally protected class. *See Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). Instead, the claim arises when "just one person" has been singled out for different treatment "for arbitrary and irrational purposes." *Id.* However, the class-of-one theory "does not apply in the public employment context." *Engquist v. Oregon Dept. of Ag.*, 553 U.S. 591, 598 (2008). Since Ms. Smith alleges that she was a public employee, this claim also must be dismissed for failure to state a claim.

Ms. Smith's only remaining claims are for wrongful termination and intentional infliction of emotional distress. These are state-law claims that arise under Indiana law. *See Mack v. Great Dane Trailers*, 308 F.3d 776, 780, 784 (7th Cir. 2002). All of Ms. Smith's federal claims must be dismissed, and it is "well-established law . . . that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *East-Miller v. Lake Cty. Highway Dept.*, 421 F.3d 558,

4

564–65 (7th Cir. 2005); *see* 28 U.S.C § 1367(c)(3).

### C. Conclusion

Ms. Smith shall have **through March 20, 2020**, to show cause why her federal claims should not be dismissed and, if those claims are dismissed, why the Court should not decline to exercise jurisdiction over her state law claims. Defendants' motion for extension of time to respond to the complaint is **GRANTED** to the extent that they need not respond to the complaint pending further order of the Court. Dkt. [5].

**SO ORDERED.**

Date: 2/25/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CASSANDRA SMITH
3032 Beech Drive
Columbus, IN 47203

Brent R. Borg
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
bborg@cchalaw.com